IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DEMETRIOS K. PRAPAS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 11-2056-JKB |
| **JOHN M. McHUGH,** *Secretary, Department of the Army,* | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Demetrios K. Prapas ("Plaintiff") brought this suit against the Secretary of the Department of the Army, John M. McHugh, ("Defendant"), alleging retaliation and employment discrimination on the bases of sex, age, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Now pending before the Court is Defendant's Motion to Dismiss/for Summary Judgment (ECF No. 12). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, the motion will be GRANTED IN PART and DENIED AS MOOT IN PART.

   **I.   BACKGROUND**

Plaintiff is a 63-year-old male of Greek national origin. At the time of the events giving rise to this suit, he was employed by Defendant as a GS-13, Step 10, Supervisory Team Leader for the Decontamination Engineering Core Team of Engineering Directorate at Edgewood Chemical Biological Center ("ECBC"). In 2006, Plaintiff applied for a new GS-14 position, Special Projects Group Leader, which Defendant had announced on November 20 of that year.

Plaintiff's résumé was selected by the Civilian Personnel Advisory Center ("CPAC"), along with 32 others, as meeting minimum qualification requirements, and was then forwarded to ECBC. Of the 33 referred applicants, Plaintiff and five others were selected for an interview. After interviewing each candidate, Defendant offered the position to a 40+-year-old female of U.S. national origin, Elaine Stuart-Craig.

On July 24, 2007, Plaintiff filed a formal charge of discrimination with the EEOC, alleging that he had been passed over for the position because of his age, sex, and nationality, and because he had previously complained of discrimination in 2003. In 2008, following a formal investigation and hearing (at which Plaintiff was represented by counsel), an EEOC ALJ determined that Plaintiff had not shown that Defendant's actions were retaliatory or discriminatory. Plaintiff appealed to the EEOC's Office of Federal Operations ("OFO"), but it affirmed the decision of the ALJ.

On July 22, 2011, Plaintiff filed a *pro se* complaint in this Court, alleging retaliation and discrimination on the bases of sex, age, and national origin. On January 26, 2012, Defendant filed the instant motion, seeking dismissal for lack of subject matter jurisdiction and for failure to state a claim, or, in the alternative, summary judgment. Shortly thereafter, Plaintiff retained counsel and filed a response in opposition to Defendant's motion. On February 28, 2012, Defendant filed its reply and the motion became ripe. Plaintiff subsequently attempted to file a surreply, but this was stricken by the Court for non-compliance with local rules.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss: FED. R. CIV. P. 12(b)(6)

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a

complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

### B.     Summary Judgment: FED. R. CIV. P. 56(a)

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing specific evidence from the record. FED. R. CIV. P. 56(c)(1)(A). The court will assess the merits of the motion, and any responses, viewing all facts and reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III.     ANALYSIS

#### A.     Rehabilitation Act Claims

The first paragraph of Plaintiff's complaint requests that the Court allow Plaintiff to file this action without paying fees or costs and cites both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq.* and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 791 & 794(c).  It is not entirely clear for what purpose Plaintiff intended to cite these statutes.  Defendant, however, has construed the citations as referring to the sources of the causes of action under which Plaintiff brings this suit.  Although the bases of a Title VII claim can be easily surmised from the complaint, those of an RA claim cannot.  Indeed, Plaintiff does not anywhere allege discrimination on the basis of disability, or even that he has a disability.  Furthermore, Plaintiff did not identify disability as a basis of discrimination in his EEOC charge.  Defendant has therefore moved to dismiss what it perceives as a "claim" under the RA on the grounds that Plaintiff has not exhausted his administrative remedies with respect to such claim.

Although the Court has stricken Plaintiff's surreply, it nevertheless takes judicial notice that, in that memorandum, Plaintiff explains that he has never claimed that he has a disability or that disability was a basis of Defendant's alleged discrimination.  The Court therefore finds that there is no claim under the RA in Plaintiff's complaint.  Defendant's motion to dismiss such a claim will therefore be denied as moot.

#### B.     Title VII Claims

Defendant has moved for summary judgment on Plaintiff's claims of discrimination based on his sex, age, and national origin, and has made an adequate showing that there is no dispute of material fact with respect to those claims.  In particular, Defendant has offered a legitimate reason for its decision to award the Special Projects Group Leader position to Ms.

Stuart-Craig rather than Plaintiff, which is that, allegedly, Ms. Stuart-Craig interviewed well, and Plaintiff interviewed poorly. In response, Plaintiff insists that this was not the real reason for Defendant's decision, but he adduces no evidence whatever that the decision was, in fact, motivated by his age, sex, or national origin or by retaliation for a previous complaint. Rather, his entire theory is that Ms. Stuart-Craig benefited unfairly from her personal relationships with members of the interviewing panel, who had put her on a "fast track" to promotion. Plaintiff alleges in his Response (for the first time) that such preferential treatment violates a number of federal statutes other than Title VII. But, whatever the merits of those arguments may be, they are irrelevant to Plaintiff's discrimination claims, which are the only claims at issue in this case.

For these reasons, the Court finds that Plaintiff has failed to adduce any evidence raising a plausible inference of discrimination or retaliation, and that Defendant is therefore entitled to judgment as a matter of law.

### IV.     CONCLUSION

Accordingly, an order shall issue GRANTING IN PART and DENYING AS MOOT IN PART Defendant's Motion to Dismiss/for Summary Judgment (ECF No. 12).

Dated this 3rd day of July, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge